FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 SEP -5  P 3: 13

AT BALTIMORE

_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MCI TELECOMMUNICATIONS CORPORATION | : | |
| | : | |
| v. | : | CIVIL NO. L-90-3117 |
| | : | |
| THEODORE ALLEN COMMUNICATIONS, INC., et al. | : | |

## ORDER

On October 5, 2001, Defendants, Theodore Allen Communications, Inc., Theodore Graham, and Allen Samuel (collectively, "TAC") filed a Motion for Reconsideration of the Court's Order dated September 25, 2001. In that Order the Court granted Plaintiff's Motion for Summary Judgment and denied Defendants' Motion for Summary Judgment. In the alternative, Defendants request the Court to certify its Order of September 25, 2001 to the Court of Appeals. For the reasons stated herein, Defendants' Motion for Reconsideration or Certification is hereby DENIED.

**The Scheduling Order:**

Defendants assert two arguments in support of their Motion for Reconsideration. First, they argue that the Court's ruling is inconsistent with a scheduling order of April 22, 1999 ("the scheduling order"). Specifically, they contend that the Court should not have taken damages into consideration because the scheduling order, they maintain, reserved discovery on damages for a later phase of the case. The scheduling order provided that the litigation would proceed in three phases: (i) phase 1- discovery; (ii) phase 2- motions for summary judgment on (a) the fraudulent inducement count and (b) whether TAC's damages are limited by MCI's tariff and the Federal

Communications Act of 1934, and (iii) phase 3- "discovery of expert witnesses on the issue of lost profits and other damages (in the event that said issue remains in the case)" (emphasis added).

In the September 25th Order, the Court found that MCI's failure to award TAC $8,452.89 in discounts was not the reason for TAC's downfall, and therefore, TAC was not entitled to consequential damages. The Court reached this conclusion based on the fact that TAC had over $200,000 in outstanding debt when it went out of business in 1990. Therefore, even if MCI had awarded TAC the discounts, TAC's debt still would have been approximately $192,000. The Court reasoned that based on this information, "MCI's failure to award TAC the discounts was not the reason for TAC's downfall, as the award of discounts would have been insufficient to overcome TAC's debts." Memorandum Opinion at 12.

In its Motion for Reconsideration, TAC argues the following in support of its proposition that MCI caused its downfall: (i) new companies incur significant debt as start-up costs that initially exceed revenues; and (ii) TAC's initial capitalization was made through loans by friends and families, thereby allowing for greater leeway in the repayment of the loans. This evidence is insufficient to rebut the common sense conclusion that MCI's failure to award $8,452.89 in discounts did not result in TAC's downfall where TAC had amassed a debt of over $200,000 . Accordingly, the Court again finds that such evidence is insufficient to warrant the case proceeding to Phase 3 discovery on consequential damages.

**Fraudulent Inducement:**

Defendants also ask the Court to reconsider its grant of summary judgment to MCI on their fraudulent inducement claim. Specifically, Defendants assert that the Court should have considered MCI's "anti-aggregator policy" as evidence of fraudulent inducement. The Court did

not disregard evidence of MCI's "anti-aggregator policy," but instead found that the policy could not support a claim for fraudulent inducement absent evidence of knowing and willful misrepresentations by MCI employees.

**Certification of the Court's Order for Interlocutory Appeal:**

Defendants also request the Court to certify its September 25th Order for interlocutory appeal pursuant to 28 U.S.C. §1292(b) or Rule 54(b) of the Federal Rules of Civil Procedure. Under §1292(b), the Court may grant leave to file an interlocutory appeal when the Court's Order (i) involves a controlling question of law, (ii) as to which there is a substantial ground for a difference of opinion, and (iii) an immediate appeal would materially advance the termination of the litigation.

The Court's conclusion that MCI's violation of section 201(b) of the Federal Communications Act did not result in TAC's demise is not a controlling question of law, but rather is a fact-specific determination by the Court. Additionally, the only questions remaining for resolution in this litigation are whether fees and interest should be awarded, to whom, and in what amount. These issues will be resolved fairly quickly, resulting in a final judgment in this case. Accordingly, the Court hereby DENIES Defendants' request for certification pursuant to 28 U.S.C. §1292(b).

**Certification for appellate review under Rule 54(b):**

Defendants also request that the Court certify its decision for interlocutory review pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim [or a] counterclaim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no reason for delay and upon an express direction for the entry of judgment.

In order to decide whether to invoke Rule 54(b), a district court must assess: (i) whether the judgment is final, and (ii) whether there is no just reason for the delay in the entry of judgment. See Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). Certification under Rule 54(b) "is recognized as the exception rather than the norm." Id. As stated above, the only remaining issues in this case involve attorney's fees and costs. These issues will be resolved quickly. An interlocutory appeal, therefore, would not materially advance the litigation. Accordingly, Defendants' request for certification pursuant to Rule 54(b) is hereby DENIED.

Conclusion:

For the reasons stated above, the Court hereby DENIES Defendants' Motion for Reconsideration of the Order of September 25, 2001, or in the alternative, for Certification of such Order pursuant to 28 U.S.C. §1292(b). If the parties wish to press the issues of interest, attorney's fees, and costs, then counsel shall confer and reach agreement on a reasonable briefing schedule. Through a joint status report, counsel shall advise the court by September 20, 2002 of (i) whether either side is seeking interest, attorney's fees, or costs and if so, then (ii) of the schedule the parties have agreed upon.

Dated this 5TH of September 2002.

Benson Everett Legg
United States District Judge